## Case No. 14,161.

### TREAT v. The RAINBOW.

[1 Ben. 40.] [1]

District Court, S. D. New York.    March, 1866.

PRACTICE IN ADMIRALTY—POSSESSORY ACTION—MOTION TO BOND BEFORE ISSUE JOINED.

1. Where a possessory action was brought by the owner of seven-eighths of a vessel, and the master, in possession and owning one-eighth, applied for leave to bond the vessel before filing his answer, and while the court was sitting to dispose of the admiralty calendar, *held* that, without passing upon the merits, the court would deny the motion. A motion by the defendant to bond in a possessory action is not ordinarily entertained on affidavits, before issue joined.

2. Where no delay is likely to attend the disposal of such a case upon the merits, the reason for a delivery upon bail fails.

This was a motion on the part of the defendant [Jacob E. Dodge] in a possessory action to be allowed to take possession of the vessel upon a stipulation for value. The vessel was seized on the first day of March, by virtue of process issued upon the prayer of the libellant [Edwin P. Treat], who alleged in his libel that he was owner of seven-eighths of the vessel, and that the defendant, who had theretofore been master of her, refused to deliver her to him, although required so to do. No answer had been filed by the defendant, but this application was made upon his affidavit that he was owner of one-eighth of the vessel; that, by an agreement made between him and a former owner of the remaining seven-eighths, he was to be continued master for the period of a year; and that the present owner sought to remove him before the expiration of the year, and while he was in the prosecution of a voyage undertaken before notice of dismissal.

Scudder & Carter, for the motion, cited the following authorities: 1 Dunl. Adm. Prac. p. 175; The New Draper, 4 C. Rob. Adm. 287; The See Reuter, 1 Dod. 22; 32 Law J. Prob. Mat. & Adm. 105; 1 Pars. Marit. Law, 389, 390; Abb. Shipp. p. 167; The Kent, 1 Lush. 495; 7 Cow. 670; 5 Wend. 315.

Benedict, Burr & Benedict, in opposition, cited Montgomery v. Wharton [Case No. 9,737]; 1 Boul. P. Dr. Com. pp. 332, 334; The Johan and Siegmund, Edw. Adm. p. 242.

---

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

BENEDICT, District Judge. Without now passing upon the questions argued by the counsel for the defendant, and which relate in great measure to the merits of the action,.I am of the opinion that the motion must be denied, and for two reasons:

In the first place, the motion is premature, no issue having been joined. In possessory actions, an application for delivery on bail by a party who has not yet answered is not ordinarily entertained. Such was the ruling in the strongly contested case of The St. Thomas [not reported], decided in 1851. Upon a like application in that case, Judge Betts says: "If the claimants have any equity to prevent ·the allowance of the decree prayed for by the libellant, it must be brought before the court by answer. It is not competent to them to meet the merits of the libel by motion founded upon affidavit." This, in effect, would lead to a decision of the gist of the case upon matters outside the pleading.

Another reason why the application here made should not prevail at this stage of the case is, that the court is now sitting, and has the admiralty calendar before it. The cause can, therefore, be put at issue and tried forthwith. When no delay ·is likely to attend the disposal of the case upon its merits, the reason for a delivery upon bail fails. Indeed, it has often been denied where the reason existed. Thus, in the case of The Onyx [not reported], decided by the same experienced judge, it was held "that, as there appears probable cause for maintaining the action upon the merits of the libel, the court will not intercept the appropriate remedy to that right by a preliminary order placing the property in the hands of the adverse claimant, and giving him the whole advantage of such possession. * * * The substitution of stipulation for the vessel would not place the libellant on the same footing of right as that of her custody by the court; for. if they are entitled to the possession in specie, that would not be secured to them by force of the stipulation, and, if there be an entire equality of interest between the parties, the claimant cannot be allowed to secure to himself the advantage of possession and use of the vessel by giving a stipulation for her value." The cases cited were cases of application for delivery on bail, by a claimant in possession, and owning one-half of the vessel. The reasons above given seem to me to be conclusive in a case like the present, where the claimant is a minority ·owner, and no delay need be experienced in disposing of the case upon the merits. The motion is therefore denied, without prejudice to a second application, in case of necessary delay in bringing the case to a hearing.